UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JAYAKRISHNAN K NAIR, et al.,

　　　　　　Plaintiffs,

　　v.

RICHARD SYMMES, et al.,

　　　　　　Defendants.

CASE NO. C19-1577 MJP

ORDER ON MOTIONS TO DISMISS

The above-entitled Court, having received and reviewed:

1. Motion to Dismiss Defendants Channa Copeland, Ermin Ciric, and Regeimbal, McDonald & Young, PLLC (Dkt. No. 12);

2. Defendant Harborview Medical Center and Dr. Paul Ramsey's Motion to Dismiss (Dkt. No. 14),

3. Plaintiffs' Combined Response to Motions to Dismiss by Defendants Copeland, Ciric, Regeimbal PLLC, Dr. Paul Ramsey and Harborview Medical Center (Dkt. No. 17);

all attached declarations and exhibits, and relevant portions of the record, rules as follows:

IT IS ORDERED that the motions are GRANTED. Defendants Copeland, Ciric, Ramsey, Harborview Medical Center, and Regeimbal, McDonald & Young, PLLC are dismissed from this lawsuit.

**Background**

The above-entitled matter is the latest in a series of lawsuits filed by Plaintiffs. The preceding suits (C19-1296 and C19-1307) have been concerned exclusively with the treatment of Plaintiffs and their mother, Omana Thankamma, by various social welfare and medical agencies of the state. The circumstances of those cases begin with the removal of Ms. Thankamma from the home of Plaintiff Jayakrishnan Nair, and cycle downward through the institutionalization of Ms. Thankamma, the entry of a Vulnerable Adult Protective Order and the imposition of a guardianship over the elderly woman. Case No. C19-1307 (an attempt to remove the state guardianship proceedings to federal court) has been dismissed for lack of subject matter jurisdiction. Case No. C19-1296 is ongoing, with a Joint Status Report due from the parties in mid-January of 2020.

Defendants Copeland and Harborview Medical Center ("Harborview") are named Defendants in C19-1296.[1] Defendants Ciric, Ramsey and the law firm of Regeimbal, McDonald & Young, PLLC are not named Defendants in any of Plaintiffs' other lawsuits.

The operative document in this lawsuit is an Amended Complaint filed by Plaintiffs on October 29, 2019. Dkt. No. 9. The factual allegations in that document can be divided into two categories. The first category concerns a series of events surrounding real estate owned by Plaintiffs which has been the subject of foreclosures, trustee sales and other misadventures which

---

[1] While Plaintiffs represent that both have been served, Harborview disputes the adequacy of service. The hospital has not yet moved for dismissal on those grounds in C19-1296 and that issue is not addressed in this order.

Plaintiffs allege are the result of malfeasance by a lengthy list of individuals and institutions. Id. at 1-36, ¶¶ 1-118. The second category of allegations is a reiteration of the circumstances described *supra* concerning Ms. Thankamma and the family's involvement with the state social welfare, medical and judicial system. Id. at 37-45, ¶¶ 119-139. The parties who have filed the motion before the Court are named only in the context of the second category of allegations.

**Discussion**

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" Adams v. Calif. Dept. of Health Services, 487 F.3d 684, 688 (9th Cir. 2007)(quoting Walton v. Eaton Corp., 563 F.2d 66, 70 (3rd Cir. 1977)). The practice is referred to as "claim splitting" and is disapproved throughout the federal judicial system. The test is enunciated in Adams:

> "In the claim-splitting context, the appropriate inquiry is whether, assuming that the first suit were already final, the second suit could be precluded pursuant to claim preclusion. [*quoting* Hartsel Spring Ranch v. Bluegreen Corp., 296 F.3d 82, 987, n. 1 (10th Cir. 2002)]; Curtis (v. Citibank, N.A.), 226 F.3d at 139-40 ("[T]he normal claim preclusion analysis applies and the court must assess whether the second suit raises issues that should have been brought in the first.")

Id. at 688-89.

Not everything plead in C19-1577 is subject to a claim-splitting charge. The first category of factual allegations described *supra* concerns an entirely separate set of allegations relating to Plaintiffs' real estate holdings and has no (or almost no[2]) connection with the

---

[2] The Court understands that Plaintiffs allege that the assertion of control by the Guardian (Defendant Copeland) over a bank account containing approximately $10,000 had an impact on their ability to effectively manage their real estate holdings; *see* Discussion, *infra*.

allegations concerning the treatment of Ms. Thankamma and the Plaintiffs by various state agencies involved in her removal from Plaintiffs' home and ensuing guardianship proceedings.

The Defendants who have filed this motion – Copeland, Ciric, Ramsey, Harborview, and Regeimbal, McDonald & Young, PLLC – are (with a single exception addressed *infra*) mentioned nowhere in the Amended Complaint's allegations related to Plaintiffs' real estate claims. The claims against them in this litigation are solely concerned with their involvement in the removal, guardianship and medical treatment of Ms. Thankamma, a circumstance which is exhaustively covered by the allegations brought forth in C19-1296.

It is entirely improper for these parties to be forced to defend these allegations in two separate lawsuits. Plaintiffs may only pursue any assessment of liability relating to the removal and treatment of Ms. Thankamma in C19-1296. To the extent that Defendant Copeland's assertion (in her role as guardian) of control over Plaintiffs' assets is alleged to have impacted the course of events related to their real estate holdings[3], Plaintiffs may seek appropriate damages from her in C19-1296; Ms. Copeland is not a proper defendant in this case.

To the extent that the moving parties here are not named Defendants in the earlier lawsuit (referring specifically to Ciric, Ramsey and Regeimbal, McDonald & Young, PLLC), they must be included in the earlier-filed litigation or not at all. Plaintiffs will need to move the Court to add those parties to C19-1296 if they wish to proceed against them. The Court makes no representation regarding whether such a motion would be granted; Plaintiffs are referred to the Local Rules of this district and the Federal Rules of Civil Procedure for the proper mechanism for seeking to add parties to an ongoing lawsuit.

---

[3] "Defendant Channa's subversive closing of the Bank of America account… directly interfered with business." Dkt. No. 9, Amended Complaint at 51, Fourtienth [*sic*] Cause of Action.

**Conclusion**

The naming of Defendants Copeland, Ciric, Ramsey, Harborview, and Regeimbal, McDonald & Young, PLLC in this lawsuit concerning allegations already brought in Case No. C19-1296 represents an improper attempt at claim splitting and will not be countenanced. The moving parties herein are ordered DISMISSED as Defendants in this lawsuit; nor will any allegations concerning the removal and guardianship of Ms. Thankamma be permitted as the basis of liability in Case No. C19-1577MJP.

The clerk is ordered to provide copies of this order to Plaintiffs and to all counsel.

Dated December 18, 2019.

Marsha J. Pechman
United States Senior District Judge